**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JUSTIN LLEWELLYN,**

                **Plaintiff,**

                v.

**S. PEACOCK,**

                **Defendant.**
_____

9:20-cv-179
(GLS/TWD)

## SUMMARY ORDER

Plaintiff *pro se* Justin Llewellyn commenced this civil rights action pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated at Gouverneur Correctional Facility by defendant S. Peacock, the facility's Deputy Superintendent for Administration. (Am. Compl., Dkt. No. 5.) Following initial review of the complaint, (Dkt. Nos. 4, 7), the only remaining claim is a Fourteenth Amendment due process claim, related to alleged biases at a disciplinary hearing that resulted in Llewellyn having to spend eighty days in the special housing unit (SHU) and suffer an eighty-day loss of recreation, packages, commissary, and phone privileges, (Am. Compl. ¶¶ 18-23, 36-38).

On January 8, 2021, Magistrate Judge Thérèse Wiley Dancks issued

an Order and Report-Recommendation (R&R), which recommends that Peacock's motion to dismiss, (Dkt. No. 12), be denied, (Dkt. No. 15). Peacock filed timely objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the R&R is adopted in its entirety, and Peacock's motion to dismiss is denied.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *5.

Peacock moved to dismiss, arguing that Llewellyn's due process claim fails because he was not deprived of a protected liberty interest, as Llewellyn's confinement in SHU was not atypical and did not constitute a significant hardship. (Dkt. No. 12, Attach. 1 at 4-10.) Judge Dancks disagrees and recommends that Peacock's motion be denied because,

2

among other reasons, the Second Circuit has instructed district courts to refrain from dismissing a case such as this, in which an inmate was sentenced to a period of confinement in SHU between thirty and 101 days, without a more developed factual record.  (Dkt. No. 15 at 10 (citing *Davis v. Barrett*, 576 F.3d 129, 135 (2d Cir. 2009).)

In objecting to the R&R, Peacock selects one case out of the litany of cases cited therein, *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004), and argues that the R&R should be rejected because Judge Dancks improperly relied on it in rendering her decision.  (Dkt. No. 16 at 2-3.)  The court disagrees with that characterization.  A review of the R&R reveals that Judge Dancks did not rely on *Ortiz* in making her recommendation; rather, she merely cited to it as an example of circumstances under which the Second Circuit has reversed a dismissal of an inmate's complaint based on confinement in SHU.  (Dkt. No. 15 at 6-7.)

Indeed, the crux of the R&R is that Llewellyn's case falls within the ambit of cases that require a more developed factual record in order to determine whether a confinement in SHU was atypical or constituted a significant hardship.  (*See generally* Dkt. No. 15); *see also Davis*, 576 F.3d at 135 ("[The Second Circuit] require[s] a detailed factual record, unless

3

the period of time spent in SHU was exceedingly short—less than 30 days—and there is no indication that the plaintiff endured unusual SHU conditions." (internal quotation marks, alterations, and citation omitted)). For that reason, and in conjunction with Judge Dancks' finding that Llewellyn's allegations are sufficient to show significant hardship at this early juncture, the R&R recommends the denial of the motion to dismiss. (Dkt. No. 15 at 5-11.)

Accordingly, the objections, which re-litigate the issue of whether the SHU conditions were atypical or constituted a significant hardship, an issue that was already argued by Peacock and decided by Judge Dancks, (Dkt. No. 12 at 4-10; Dkt. No. 15 at 5-10), are general and trigger clear error review, *see Almonte*, 2006 WL 149049 at *4 (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement").  The court has carefully considered the R&R, and finds no clear error in Judge Dancks' thorough analysis, which squarely addresses Peacock's arguments and provides multiple, appropriate reasons for denying her motion to dismiss.  Accordingly, the R&R is adopted in its

entirety.[1]

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Peacock's motion to dismiss (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that the parties contact Magistrate Judge Dancks to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 9, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[1] In any event, even if Peacock's objections were specific, and, thus, triggered *de novo* review, the R&R would be adopted and Peacock's motion to dismiss would be denied for the same reasons discussed in the R&R, which were thoroughly explained therein and need not be restated here.