UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN LLEWELLYN,

                              Plaintiff,

v.                                                          9:20-CV-00179
                                                            (GLS/TWD)

S. PEACOCK,
                              Defendant.
_____

APPEARANCES:                              OF COUNSEL:

JUSTIN LLEWELLYN
Plaintiff, *pro se*
19-R-0168
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

HON. LETITIA JAMES                        LAUREN ROSE EVERSLEY
Attorney General for the State of New York   Assistant Attorney General
Counsel for Defendant
The Capitol
Albany, New York 12224


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

       This matter has been referred for a Report and Recommendation by the Honorable Gary

L. Sharpe, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule

72.3(c).  Presently before the Court is Defendant's unopposed motion to dismiss Plaintiff's

amended complaint for lack of prosecution.  (Dkt. No. 29.)  For the reasons set forth below, the

Court recommends granting Defendant's motion.

## I.    BACKGROUND

Plaintiff Justin Llewellyn, an inmate formerly in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se* action on February 20, 2020, against Defendant Susan Peacock.  (Dkt. No. 1).  On March 9, 2020, Judge Sharpe dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), but afforded him an opportunity to file an amended complaint.  (Dkt. No. 4.)  It was further ordered that "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**[.]"  *Id*. at 20[1] (emphasis in original).

Plaintiff filed an amended complaint on April 6, 2020.  (Dkt. No. 5.)  Judge Sharpe reviewed Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915 and construed it as raising a Fourteenth Amendment due process claim against Defendant.  (Dkt. No. 7 ("Decision & Order").)  Plaintiff's amended complaint was accepted for filing, and it was again ordered that "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action**[.]"  *Id*. at 6 (emphasis in original).

On July 9, 2020, Defendant filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 12.)  By Text Notice issued July 10, 2020, Plaintiff was advised of the August 2, 2020, deadline to respond.  (Dkt. No. 13.)  On August 12, 2020, after having not received a response, the Court *sua sponte* granted Plaintiff

---

[1]  Page references to docket entries are to the page number the Court's CM/ECF system automatically assigns.

an extension to respond.  (Dkt. No. 14.)  Plaintiff did not file an opposition to Defendant's

motion.  Subsequently, on January 8, 2021, this Court recommended denying Defendant's

motion to dismiss ("Report-Recommendation").  (Dkt. No. 15.)  Judge Sharpe adopted the

Report-Recommendation on February 9, 2019 ("Summary Order").  (Dkt. No. 17.)

On February 18, 2021, Defendant filed an answer to Plaintiff's amended complaint and

served a copy of the answer to Plaintiff's putative address at Queensboro Correctional Facility

("Queensboro C.F.").  (Dkt. No. 18-1.[2])  On the same date, the Court sent a Mandatory Pretrial

Discovery and Scheduling Order ("Scheduling Order") to Plaintiff's listed address at Orleans

Correctional Facility ("Orleans C.F.").  (Dkt. No. 19).  The Clerk also mailed a copy of the

Scheduling Order and a notice of change of address form to Queensboro C.F.  (*See* Text Entry

2/19/2021.)

On February 24, 2021, the mailed copy of the Scheduling Order sent to Orleans C.F. was

returned as undeliverable and the envelope was marked "Released."  (Dkt. No. 20.)  On March 5,

2021, the mailed copies of the Scheduling Order and Summary Order sent to Queensboro C.F.

were returned as undeliverable.  (Dkt. No. 22.)  On March 9, 2021, Defendant's answer to

Plaintiff's amended complaint was also returned as undeliverable with the envelope marked

"Return to Sender --- Released."  (Dkt. No. 29-2 at 4.)  Thereafter, on March 15, 2021,

Defendant filed a letter motion requesting a telephone conference to determine whether Plaintiff

wanted to continue pursuing this action.  (Dkt. No. 23.)  On March 26, 2021, the copy of the

Report-Recommendation was returned as undeliverable.  (Dkt. No. 24.)

By Text Order issued April 9, 2021, this Court, *inter alia*, adjourned all pretrial deadlines

---

[2]  Defendant noted that the DOCCS inmate locater indicated Plaintiff has been released.  His last
known address is Queensboro C.F.  (Dkt. No. 18 at 5 n.1.)

and directed Plaintiff to "file a change of address and a statement with the Court by 4/30/2021 indicating his interest in continuing to pursue this action." (Dkt. No. 25.)  The Text Order warned that "Plaintiff's failure to respond to this directive may result in sanctions including, but not limited to, dismissal of the action for failure to prosecute and failure to follow Court orders and directives." *Id.*  A copy of the Text Order was sent to Plaintiff's listed address at Orleans C.F. *Id.*  On April 23, 2021, the copy of that Text Order was returned to the Court as undeliverable and it had apparently had been forwarded to Sing Sing Correctional Facility ("Sing Sing C.F.") by DOCCS.  (Dkt. No. 26.)  To date, Plaintiff has not responded to that Text Order.

On May 5, 2021, the Court directed Defendant to file a motion seeking dismissal for failure to prosecute and failure to follow Court orders.  (Dkt. No. 27.)  On May 12, 2021, the mailed copy of that Text Order sent to Plaintiff at Orleans C.F. was also returned as undeliverable.  (Dkt. No. 28.)

On May 13, 2021, Defendant filed the pending motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules 10.1(c)(2) and 41.2(b) of this District's Local Rules of Practice.  (Dkt. No. 29.)  Defendant seeks dismissal for failure to prosecute because Plaintiff's "failure to notify this Court or defense counsel of his change of address has rendered Defendant unable to begin discovery or take Plaintiff's deposition." (Dkt. No. 29-1 at 4.)  To that end, Defense counsel conducted a search on the inmate information system on the public website maintained by DOCCS, which revealed that Plaintiff was released from DOCCS custody to parole supervision on April 13, 2021. *Id.*  Plaintiff's releasing facility was listed as Sing Sing C.F.[3] *Id.*  Plaintiff has not responded to the motion or communicated with the Court.

---

[3]  *See* http://nysdoccslookup.doccs.ny.gov (DIN 19-R-0168) (last visited Dec. 2, 2021).

## II.    MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Rule 41 of the Federal Rules of Civil Procedure States that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."  Fed. R. Civ. P. 41(b).[4]  "A dismissal under this subdivision . . . operates as an adjudication on the merits."  *Id*.  The Second Circuit has emphasized that "dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  A court analyzing a motion to dismiss must weigh the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).  No singular factor is dispositive.  *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994).  The Court will address these factors in turn.

### A.    Duration

Plaintiff's last communication with the Court pertaining to this action was a letter dated April 9, 2020.  (Dkt. No. 6.)  The letter was mailed from Orleans C.F., the same address

---

[4]  Local Rule 10.1(c)(2) states that "all attorneys of record and *pro se* litigants must immediately notify the court of any change of address," and requires parties to file the notice of change with the Clerk and serve all other parties to the action.  L.R. 10.1(c)(2).  Another Rule provides that "failure to notify the Court of a change of address in accordance with [Local] Rule 10.1(c)(2) may result in the dismissal of any pending action."  L.R. 41.2(b).

currently on file with the Court.  As detailed above, it appears Plaintiff was transferred from Orleans C.F. to Queensboro C.F. and then to Sing Sing C.F., where he was released to parole supervision on April 13, 2021.  (Dkt. No. 29-1 at 9.)  Plaintiff, however, has failed to update or notify the Court or defense counsel of a change in his address.

Recently, the Second Circuit affirmed the dismissal of a case under Rule 41(b) where, "by the time the [District] Court issued its decision; eleven months had passed since [the Plaintiff's] response to discovery demands was first due." *Heendeniya v. St. Joseph's Hospital Health Center*, 830 F. App'x 354, 358 (2d Cir. 2020).  The Court also noted that even "shorter delays could support dismissal." *Id*. (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal where plaintiffs took no steps to move case toward trial during a six-month period)).  Here, because Plaintiff has indisputably failed to participate in this litigation since April 9, 2020, the Court finds this factor weighs in favor of dismissal.

### B.    Notice

"[W]hile a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994)) (quotations omitted).  As indicated above, Plaintiff was advised of his obligation to "**promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action[.]**"  (Dkt. Nos. 4 at 20, 7 at 6; *see also* Dkt. No. 25.)  As such, this factor weighs in favor of dismissal.

### C.    Prejudice to Defendant

Prejudice "may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.3d 37, 43 (2d Cir. 1982)). Therefore, where a "delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id*. (citing *Lyell Theatre Corp.*, 682 F.3d at 43). "Where a Plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citations omitted).

Here, Defendant argues she "will certainly be prejudiced by any further delay, as all deadlines have been stayed and Defendant will be unable to receive discovery from Plaintiff or take Plaintiff's deposition." (Dkt. No. 29-1 at 9.) The unexcused delay in Plaintiff's accessibility means prejudice is presumed. Accordingly, the Court finds this factor weighs in favor of dismissal.

### D.    Balancing of Interests

The Second Circuit has stated "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. "Nonetheless, fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may warrant a dismissal under Rule 41(b)." *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (citing *Chira*, 634 F.2d at 668 (internal quotation marks omitted)). The *Rubin* Court also stated that Courts in that district "have held that calendar congestion outweighed a plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard." *Id*. (citations omitted).

In the case at bar, Defendant states that "the Court's interest in managing its own docket weighs in favor of dismissal at this juncture." (Dkt. No. 29-1 at 9.) However, Defendant does not provide "compelling evidence of an extreme effect on court congestion." *See Lucas*, 84 F.3d at 535. In *LeSane*, the Second Circuit noted the "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001); *see also Baptiste v. Sommers*, 768 F.3d 212 (2d Cir. 2014) (concluding that the Court had no reason to believe that the case at issue strained the docket in any unusual way despite a two-year stall); *Mayanduenas v. Bigelow*, 849 F. App'x 308, 311 (2d Cir. 2021) ("[Plaintiff's] failure to prosecute 'was silent and unobtrusive rather than vexatious and burdensome,' thus causing only minor court calendar congestion, if any.") (citations omitted).

Here, there is no reason to believe that this case has strained the Court's docket. Accordingly, this factor is neutral.

### E.    Less Severe Sanctions

Finally, this Court must consider whether options less drastic than dismissal could be appropriate. Other possible options include an extension of time or the imposition of a fine. *See Anthony v. Lyons*, 9:18-CV-0849, 2021 WL 1701754 (GLS/CFH), at *5 (N.D.N.Y. Apr. 12, 2021) (citations omitted). However, Courts "are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

In the present case, Defendant asserts "[i]t is not clear what, if any, less drastic sanction would adequately address the circumstances here[,] . . . because Plaintiff's whereabouts are

unknown, and any such order would not reach him[.]"  (Dkt. No. 29-1 at 9.)  The Court agrees. "Dismissal has been found to be an 'adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.'"  *Anthony*, 2021 WL 1701754, at *5 (quoting *Rubin*, 319 F.R.D. 122 (finding that "it would not even be possible to impose lesser sanctions" where the plaintiff had "effectively disappeared")); *see also Flynn v. Ward*, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] [p]laintiff.").  As such, this factor weighs in favor of dismissing this action.

Nevertheless, given his *pro se* status, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB)(ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010); *see also Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) ("In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal without prejudice is warranted"); *Hicks v. Stermer*, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the *pro se* plaintiff failed to prosecute the action, and is a sanction less severe than dismissal with prejudice).

## F.    Local Rules

Based on the foregoing, the Court concludes dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and 41.2(b),

which allows for the dismissal of an action when a party fails to notify the Court of a change of address. *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address).

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 29) be **GRANTED** and Plaintiff's amended complaint (Dkt. No. 5) be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff to his address on file, **Orleans C.F.**, and the releasing facility, **Sing Sing C.F.**, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Dated:  December 2, 2021
         Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

---

[5]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2021 WL 1701754
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Terrence ANTHONY, Plaintiff,

v.

Michael LYONS, et al., Defendants.

9:18-CV-0849 (GLS/CFH)
|
Signed 04/12/2021

**Attorneys and Law Firms**

Terrence Anthony, 17-A-1847, Montgomery County Jail, P.O. Box 432, Fultonville, New York 12072, Plaintiff pro se.

OF COUNSEL: MICHAEL L. GOLDSTEIN, ESQ., Assistant County Attorney, Albany County Attorney's Office, 112 State St., Albany, New York 12207, Attorneys for Defendants.

**REPORT-RECOMMENDATION AND ORDER**

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

**I. INTRODUCTION**

\*1 On July 19, 2018, Plaintiff pro se Terrence Anthony ("Plaintiff") commenced this action for claims arising out of an incident which occurred on April 11, 2017, while he was incarcerated at the Albany County Correctional Facility. Dkt. No. 1 at 1; Dkt. No. 50 at 2. Plaintiff filed a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 5-6. Plaintiff alleges Eighth Amendment claims relating to: (1) conditions of confinement against Defendants Corrections Officer ("C.O.") Miller, C.O. Larry, Michael Lyons, and Chief of Corrections Brian Mooney; (2) excessive force against defendant William Carhart; and (3) failure to protect against Defendants Lyons and Mooney. Dkt. No. 50 at 2-4; see Dkt. No. 49 at 2.

Presently pending before the Court is Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P.") 41(b) and Rule 10.1(c)(2) of the Local Rules of the Northern District of New York ("Local Rules"). Dkt. No. 91-6 at 5-6. Plaintiff did not oppose this motion. For the reasons set forth below, it is recommended that Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute be granted, and that Plaintiff's claims against unserved defendants C.O. Larry and C.O. Miller be dismissed without prejudice.

**II. BACKGROUND**

On July 19, 2018, the Court issued an Order directing administrative closure and denying plaintiff's in forma pauperis (IFP) application. Dkt. No. 4. On July 27, 2018, Plaintiff re-applied to proceed IFP and the case was reopened; however, on August 8, 2018, Plaintiff's second IFP application was denied as incomplete. Dkt. No. 5; Dkt. No. 7; Dkt. No. 8. On January 4, 2019, the Court issued a Decision and Order granting Plaintiff's IFP application and ordering dismissal with prejudice of Plaintiff's claims against the State of New York under the Eleventh Amendment, and dismissed the remainder of Plaintiff's claims without prejudice. Dkt. No. 15 at 2, 10. On January 30, 2019, Plaintiff filed his first amended complaint, and on February 27, 2019, the Court issued a Decision and Order concluding that Plaintiff's Eighth Amendment conditions of confinement claims, excessive force claim, and failure to protect claims survived sua sponte review. Dkt. No. 16; Dkt. No. 17 at 17. On May 17, 2019, Defendants Lyons, Mooney, and Carhart filed their answer to the amended complaint. See Dkt. No. 27.

Next, the Court granted a variety of extensions. On June 19, 2019, all deadlines were extended 60 days at Plaintiff's request. Dkt. No. 29; Dkt. No. 33. At this time, the Court notified Plaintiff that it would not "indefinitely adjourn" the action and that further extensions "must be accompanied by a showing of good cause." Dkt. No. 33. On January 15, 2020, in response to Plaintiff's third amended complaint, all deadlines were extended by 60 days. See Dkt. No. 56. On March 6, 2020, Plaintiff and counsel for Defendants Lyons, Mooney, and Carhart attended a discovery hearing. Defendants indicated that they had not received any of Plaintiff's Rule 26 disclosures. Text Min. Entry dated Mar. 6, 2020.

\*2 On April 22, 2020, Defendants requested a 60-day extension of the discovery and dispositive motion deadlines because Plaintiff had not provided an updated address or contact information following his release from state custody. Text. Min. Entry dated May 28, 2020; Dkt. No. 75. The Court granted this request on April 23, 2020, and "remind[ed]

plaintiff of his duty to provide a current address to the Court and that any failure to attend a deposition, participate in discovery, or comply with court orders may result in dismissal of his case." Dkt. No. 76. On April 27, 2020, Plaintiff notified the Court in writing that his address had changed to the Montgomery County Jail; however, the Court's April 23, 2020 Order, which was sent to this address, was returned as undeliverable. Dkt. No. 77; Dkt. No. 85.

On May 28, 2020, Plaintiff notified the Court by telephone to provide an updated mailing address of 115 Nutgrove Lane, Albany, New York 12202. Dkt. No. 81; Text Notice dated May 28, 2020. At that time, the clerk advised Plaintiff that he must notify the Court in writing about his change of address. Text Notice dated May 28, 2020. On June 16, 2020, the Court noted that Plaintiff did not update the Court regarding his new address in writing, and directed Plaintiff to "notify the Court of his current address in writing, within fifteen days of the date of this Order." Text Min. Entry dated June 16, 2020. On July 13, 2020, the Court's June 16, 2020 Order was re-served to Plaintiff at the Nutgrove Lane address. Dkt. No. 85. Plaintiff failed to update his address in writing within 15 days, as the Court ordered in its June 16, 2020 Order. Additionally, two deposition notices that Defendants sent to the Nutgrove Lane address were returned as undeliverable. Dkt. No. 91-2; Dkt. No. 91-3. The Court extended the deadlines for discovery and dispositive motions to August 24, 2020 and October 26, 2020. Dkt. No. 83. It also informed the parties that there would be no further extensions of these deadlines. Id.

On August 19, 2020, the Court scheduled a discovery conference for August 31, 2020, and "advised [Plaintiff] that failure to appear at Court Ordered conferences or to abide by Court Orders may result in dismissal of his case." Dkt. No. 87. Plaintiff failed to appear for this conference. Dkt. No. 88. On September 2, 2020, the Court extended the discovery deadline to October 9, 2020, and again notified Plaintiff that "failing to appear for his deposition, appear at Court ordered conferences and failing to participate in the exchange of discovery can result in ... sanctions, to include dismissal" of his case. Id. This Text Order and the August 19, 2020 Order were served on Plaintiff. Dkt. No. 87; Text Min. Entry dated Sept. 2, 2020. On October 1, 2020, Plaintiff failed to appear for his deposition. Dkt. No. 89 at 1. On October 30, 2020, Defendants Lyons, Mooney, and Carhart filed a Motion to Dismiss for Failure to Prosecute. Dkt. No. 91-7; Dkt. No. 90. Plaintiff did not respond.

## III. DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). As dismissal under Rule 41(b) is a "harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies." Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors. The court must examine:

> **\*3** (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 55 F.3d 71, 74–76 (2d Cir. 1994)); Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). "No one factor is dispositive." United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 995 F.2d 458, 461 (2d Cir. 1993)).

### B. Analysis

### 1. Duration of Delay

There are two inquiries the Court reviews in assessing the duration of delay: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration." Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). The initial inquiry asks "whether or not the delay was caused by plaintiff's side as a whole." Drake, 375 F.3d at 255. In Jackson v. City of New York, the Second Circuit found that "the parties were in constant contact with each other and the judge," and as such that "the delays [were] as much the defendants' fault as they were [the plaintiff's]." 22 F.3d 71, 75 (2d Cir. 1994). Here, the delays were due to Plaintiff's failure to comply with Court orders to serve his Rule 26 disclosures, provide a written address to the Court in writing, appear at the August 31, 2020 discovery conference as directed by the Court, and appear for his deposition. Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, Plaintiff caused the delay in this case.

Thus, the next question is whether those failures were of significant duration. Drake, 375 F.3d at 255. "[T]here is no 'magic number' " for the length of the delay. Copeland, 194 F.R.D. at 132. Instead, the inquiry focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines. Id. at 132, 134; Peart, 992 F.2d at 461. Plaintiff's last involvement in this case was his call to the Court on May 28, 2020. Dkt. No. 81. As Plaintiff failed to follow the Court order to provide the Court and Defendants with a written notice of his current address, and alleged that he could not access an electronic device to appear at a video deposition, Defendants had to request extensions of the discovery and dispositive motion deadlines, delaying the matter by another 60 days. Dkt. No. 83; see Dkt. No. 82. Plaintiff also failed to appear for the August 31, 2020, discovery conference, requiring rescheduling to October 9, 2020. Dkt. No. 88; Dkt. No. 91-6 at 3.

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four ... months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has caused this case to be delayed since April 27, 2020, the date he last participated in this case. See Dkt. No. 77. This is a significant delay, given that Plaintiff provided no excuse for his failure to comply with Court orders and

discovery deadlines. As such, this factor weighs in favor of dismissal.

### 2. Notice

**\*4** The second factor the Court assesses in determining whether to dismiss for failure to prosecute requires that the plaintiff receive express notice from the Court that further delays would result in dismissal. Lucas, 84 F.3d at 535. The Court's orders of April 23, 2020, August 19, 2020, and September 2, 2020, all state that Plaintiff's failure to comply with Court orders and participate in the discovery process could lead to the imposition of sanctions, including the dismissal of his case. Dkt. No. 76; Dkt. No. 87; Dkt. No. 88. All Court orders were served on Plaintiff at the address he had provided to the Court. Id. Plaintiff had received express notice from the Court that failure to prosecute his case could lead to the dismissal of his case. Therefore, this factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

The third factor the Court must review examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535. Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Such prejudice can be presumed because "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

Here, Plaintiff failed to comply with multiple Court orders in the face of warnings that failure to comply would risk dismissal. See Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, his actions unreasonably delayed the case, and so prejudice to Defendants can be presumed due to the increased likelihood that relevant evidence may be lost. Shannon, 186 F.3d at 195. Furthermore, this action has been pending since 2018, concerns an incident that occurred in 2017, and has seen its discovery deadlines

2021 WL 1701754

pushed back by several months. See Dkt. No 1 at 1; Dkt. No 29 at 5–6; Dkt. No. 50 at 2; Dkt. No. 88. This passage of time makes evidence "increasingly unlikely to be available," which prejudices Defendants. Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F.App'x 354, 358 (2d Cir. 2020) (summary order). Thus, even if prejudice were not presumed, Defendants have still been prejudiced by Plaintiff's delays, as the amount time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence. See Heendeniya, 830 F.App'x at 358; Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

### 4. Balance Between Calendar Congestion and Due Process Rights

The fourth factor the Court assesses in determining whether to dismiss for failure to prosecute requires the Court to balance managing its docket with the plaintiff's interest in receiving a fair chance to be heard. Lucas, 84 F.3d at 535. A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court congestion" is necessary in order for this factor to weigh in favor of dismissal. Lucas, 84 F.3d at 535–36; Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citation omitted). A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard. Shannon, 186 F.3d at 195. Furthermore, a plaintiff's failure to "move the case toward trial" subordinates the plaintiff's interest in being heard to a court's interest in managing its docket. Heendeniya, 830 F.App'x at 358 (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)). Here, the Court provided Plaintiff with multiple opportunities to be heard, including extending the discovery deadline after Plaintiff failed to appear for the August 31, 2020 conference. Dkt No. 87; Dkt. No. 88. Therefore, this factor weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

**\*5** The final factor the Court reviews in assessing whether to dismiss a case for failure to prosecute examines whether the court has adequately considered sanctions less drastic than dismissal. Lucas, 84 F.3d at 535. Less drastic responses include an extension of time or the imposition of a fine. Drake, 375 F.3d at 257; Spencer v. Doe, 139 F.3d 107, 114 (2d Cir.

1998). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016).

Plaintiff has not made any contact with the Court or Defendants since notifying the Court of his changed address by phone on May 28, 2020, and has disregarded multiple Court orders. Dkt. No. 81; Dkt. No. 87; Dkt. No. 88. As such, imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122. Further, given that Plaintiff has not provided an updated address, and mail sent to the most recent address provided was returned to sender, the Court is unable to establish contact with Plaintiff. See Flynn v. Ward, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] Plaintiff."). Even if the Court were to impose a lesser sanction such as a fine, it would have to "adequately address the prejudice Defendants had suffered" to be effective. Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice Defendants suffered from the delay in the case, as (1) Plaintiff is proceeding IFP and would be unlikely to pay, and (2) a fine does not mitigate the potential difficulty Defendants would face in collecting evidence on an incident that occurred in 2017. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff is proceeding IFP); Jackson v. United States, 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences). As such, this final factor also weighs in favor of dismissal. Thus, it is recommended that the Court grant defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b).

Case 9:20-cv-00179-GLS-TWD    Document 30    Filed 12/02/21    Page 15 of 25

2021 WL 1701754

The undersigned concludes that dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and and 41.2(b), which allows for the dismissal of an action when a party fails to notify the Court of a change of address. See, e.g., Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address). Accordingly, it is recommended that dismissal be granted pursuant to Rule 41(b) and Local Rule 10.1(c)(2). See, e.g., Hicks v. Stermer, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the pro se plaintiff failed to prosecute the action, and a sanction less severe than dismissal with prejudice.)

**C. The Unserved Defendants**

 **\*6** Plaintiff never properly identified or served any complaint on defendants C.O. Larry or Miller. See Text Min. Entry dated June 16, 2020; Dkt. No. 56. Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). The Second Circuit has said that "Rule 4 ... is to be construed liberally," and that failure to serve a defendant will lead to dismissal "unless it appears that proper service may still be obtained." Romandette, 807 F.3d at 311; Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972). Moreover, Rule 4(m) gives the court discretion "to extend the time for service." Jones v. Westchester Cty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016).

Here, the Court issued three orders extending Plaintiff's time to submit an amended complaint properly identifying C.O. Larry and C.O. Miller, ultimately extending his deadline to properly identify them until July 24, 2020. Text Min. Entry dated Oct. 18, 2019; Text Min. Entry dated Jan. 15, 2020; Text Min. Entry dated June 24, 2020. As Plaintiff did not properly identify these defendants in response to these orders, dismissal without prejudice for failure to timely serve is warranted. Therefore, because more 90 days have passed since Plaintiff filed his third amended complaint on November 14, 2019, the Court gave plaintiff notice of his duty

to identify and serve those Defendants, and service was not made within the set time limit, the undersigned recommends that Plaintiff's claims against C.O. Larry and C.O. Miller be dismissed without prejudice in accordance with Rule 4(m).

**IV. CONCLUSION**

WHEREFORE, for the reasons set forth herein, it is HEREBY

**RECOMMENDED**, that Defendants Lyons, Mooney, and Carhart's Motion to Dismiss for Failure to Prosecute (Dkt. No. 91-6) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED without prejudice** as to Defendants Lyons, Mooney, and Carhart for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(b); and it is

**RECOMMENDED**, that Plaintiff's complaint, as set forth against unserved Defendants C.O. Miller and Larry be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a). [1]

[1]     If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day

**Anthony v. Lyons, Slip Copy (2021)**

2021 WL 1701754

that is not a Saturday, Sunday, or legal holiday. Id.
§ 6(a)(1)(c).

**All Citations**

Slip Copy, 2021 WL 1701754

---

**End of Document**                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

Flynn v. Ward, Not Reported in Fed. Supp. (2019)
2019 WL 2085986
Case 9:20-cv-00179-GLS-TWD    Document 30    Filed 12/02/21    Page 17 of 25

2019 WL 2085986
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Bruce FLYNN, Plaintiff,
v.
Joe WARD, et al., Defendants.

9:15-cv-1028 (BKS/CFH)
|
Signed 05/13/2019

**Attorneys and Law Firms**

Plaintiff, pro se: Bruce Flynn, 10-A-1558, Elmira
Correctional Facility, P.O. Box 500, Elmira, NY 14902.

For Defendants: Brian W. Matula, Esq., Assistant Attorney
General, New York State Attorney General's Office, The
Capitol, Albany, NY 12224.

**MEMORANDUM-DECISION AND ORDER**

Brenda K. Sannes, U.S. District Judge

 **\*1** Plaintiff pro se Bruce Flynn brought this action under
42 U.S.C. § 1983 alleging that Defendants violated his rights
under the First Amendment while he was incarcerated at
Mid-State Correctional Facility. (Dkt. Nos. 1, 20). On June
28, 2018, United States District Court Judge Gary L. Sharpe
issued an Order denying, in part, the Defendants' summary
judgment motion, and ordering that the case is deemed
trial ready. (Dkt. No. 67). On April 5, 2019, the case was
reassigned to the undersigned, and a copy of the reassignment
Order was sent to Plaintiff's last known address at Elmira
Correctional Facility. (Dkt. No. 68). On April 5, 2019, the
Court also sent a letter to Plaintiff at Elmira Correctional
Facility inquiring whether he would like to have counsel
appointed to represent him at trial. (Dkt. No. 69). Both of the
documents mailed to Plaintiff on April 5, 2019 were returned
to the Court as undeliverable. (Dkt. Nos. 70, 71). The return
envelopes contained a notation "Released 10-29-18." (*Id.*).
On April 19, 2019, the undersigned issued an Order granting
Plaintiff fourteen (14) days from that Order to notify the
Court of his current address, and notifying Plaintiff that if he
failed to comply the action would be dismissed for failure to
prosecute. (Dkt. No. 72). That Order was also returned to the
Court as undeliverable on April 25, 2019. (Dkt. No. 73).

Federal Rule of Civil Procedure 41(b) provides that a court
may dismiss an action "[i]f the plaintiff fails to prosecute or
comply with [the Federal Rules of Civil Procedure] or a court
order...." Fed. R. Civ. P. 41(b); *see* Link v. Wabash R.R. Co.,
370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962);
*Greeene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at
\*1, 2019 U.S. Dist. LEXIS 61741 (E.D.N.Y. April 9, 2019);
*see also* N.D.N.Y. L.R. 41.2(b). It is well settled that Rule
41(b) "gives the district court authority to dismiss a plaintiff's
case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec.
Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Since a Rule 41(b) dismissal is a "harsh remedy ... [it] is
appropriate in extreme situations." *Lucas v. Miles*, 84 F.3d
532, 535 (2d Cir. 1996) (citations omitted). Before dismissing
an action under Rule 41(b) for failure to prosecute a district
court must consider:

> (1) the duration of the plaintiff's
> failures, (2) whether plaintiff had
> received notice that further delays
> would result in dismissal, (3) whether
> the defendant is likely to be
> prejudiced by further delay, (4)
> whether the district judge has take[n]
> care to strik[e] the balance between
> alleviating court calendar congestion
> and protecting a party's right to due
> process and a fair chance to be
> heard ... and (5) whether the judge
> has adequately assessed the efficacy of
> lesser sanctions.

*LeSane*, 239 F.3d at 209; *see also* Lewis v. Rawson, 564 F.3d
569, 576 (2d Cir. 2009) (citations omitted).

Under the Local Rules of Practice for this district ("Local
Rules"), "[a]ll attorneys of record and *pro se* litigants must
immediately notify the court of any changes of address."
N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). Failure to do so
will subject the action to dismissal under Rule 41(b) of the
Federal Rules of Civil Procedure and Local Rule 41.2(b) for
lack of prosecution. *See e.g.*, *Fenza v. Conklin*, 177 F.R.D.
126, 127 (N.D.N.Y. 1998) (dismissing inmate's action for
failure to notify the Court of current address); *see also Rosa v.
Keiser*, No. 10-CV-1313, 2012 WL 2178961, at \*1, 2012 U.S.

Flynn v. Ward, Not Reported in Fed. Supp. (2019)
Case 9:20-cv-00179-GLS-TWD   Document 30   Filed 12/02/21   Page 18 of 25
2019 WL 2085986

Dist. LEXIS 82529 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address). Plaintiff appears to have understood his obligation to update his address: he notified the Court on August 31, 2016 of a change of address. (Dkt. No. 30).

**\*2** In this case, dismissal is justifiable. Plaintiff has failed to comply with this Court's Order directing that he update his address, and notifying him that the action would be dismissed if he failed to do so. (Dkt. No. 72). It appears that Plaintiff was released from custody in October 2018, and thus has failed to comply with the Local Rule requiring that he update his address for almost seven months. Plaintiff failed to respond to the Defendants' October 6, 2017 motion for summary judgment; he has not communicated with this Court since May 30, 2017. (Dkt. Nos. 59, 64). While the Defendants have not weighed in on this issue, the Court notes that "[t]he passage of time always threatens difficulty as memories fade...." *Barber v. United States*, No. 11-CV-1100, 2012 WL 1681978, at *1, 2012 U.S. Dist. LEXIS 67159 (N.D.N.Y. May 14, 2012) (citing *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)). The Court currently has no way of contacting Plaintiff and is therefore unaware of any feasible lesser sanction. The Court finds that, in light of all of these factors, the need to alleviate the Court's docket outweighs Plaintiff's right to an opportunity to his day in court. *Barber*, 2012 WL 1681978, at *1, 2012 U.S. Dist. LEXIS 67159 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases."). Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, it is

**ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 2085986

---

**End of Document**                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 2985864
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial
staff and not assigned editorial enhancements.**

United States District Court,
E.D. New York.

Joseph AMOROSO, Plaintiff,
v.
COUNTY OF SUFFOLK, Defendant.

No. 08–CV–826 (JFB)(ETB).
|
July 21, 2010.

**Attorneys and Law Firms**

Joseph Amoroso, Watertown, NY, pro se.

ORDER

JOSEPH F. BIANCO, District Judge.

 **\*1** Before the Court is a Report and Recommendation from
Magistrate Judge Boyle recommending that the Court dismiss
this case because plaintiff has failed to comply with numerous
orders and failed to prosecute the case.

Plaintiff filed the complaint in this case on February 26,
2008. Plaintiff alleges that he was subjected to excessive force
incident to his arrest on August 6, 2007. (*See* Compl. at 5.)
Plaintiff's action requests damages for the physical injuries he
sustained due to the excessive force, including bruised ribs
and other contusions. (*Id.*) On February 29, 2008, plaintiff
was granted leave to proceed *in forma pauperis.* (Docket
Entry [4].)

Judge Boyle scheduled an initial conference for March 26,
2009. (Docket Entry [16].) Thereafter, the parties proceeded
with discovery, which was certified as complete at a
conference before Judge Boyle on November 17, 2009.
(Docket Entry [30].) At the same conference, plaintiff
informed the Court that he expected to be released from prison
in late February 2010. (*Id.*) Judge Boyle therefore extended
the time for plaintiff to file a list of trial witnesses and exhibits
to April 30, 2010. (*Id.*) Judge Boyle further ordered that the
parties should file a joint pre-trial order by April 30, 2010

and scheduled the final conference for May 20, 2010. (*Id.*) On
May 19, 2010, Judge Boyle noted that the parties had failed
to file a joint pre-trial order by that date. (Docket Entry [31].)
Judge Boyle directed plaintiff to file a list of witnesses and
trial exhibits by June 7, 2010 and directed defendant to file
a joint pre-trial order by that same date. (*Id.*) Judge Boyle
rescheduled the final conference for June 15, 2010. (*Id.*)

On May 20, 2010, the defendant filed a letter stating that
plaintiff had been released from prison on February 26, 2010
but had not supplied defendant with a forwarding address.
(Docket Entry [32].) Defendant thus requested the Court's
direction as to how to notify plaintiff of the rescheduled final
conference. (*Id.*) On June 7, 2010, defendant filed the joint
pre-trial order and also filed a letter request for the Court to
consider an application to dismiss the matter for failure to
prosecute. (Docket Entry [33].) Judge Boyle held the final
conference on June 15, 2010. (Docket Entry [35].) Plaintiff
did not appear. (*Id.*) Judge Boyle directed the County attorney
to notify the *pro se* plaintiff to appear on June 29, 2010.
(*Id.*) Defendant served this order on plaintiff on June 15,
2010. (Docket Entry [36].) Plaintiff did not appear at the June
29, 2010 conference. (Docket Entry [37].) Accordingly, on
June 30, 2010, Judge Boyle recommended that the action be
dismissed because of plaintiff's failure to comply with the
court's orders and failure to prosecute the case. (Docket Entry
[38].) Judge Boyle directed plaintiff to file objections within
fourteen days of service of the Report & Recommendation.
(*Id.*) This Court has received no objections to the Report and
Recommendation.

 **\*2** A district judge may accept, reject, or modify, in
whole or in part, the findings and recommendations of the
Magistrate Judge. *See DeLuca v. Lord,* 858 F.Supp. 1330,
1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374
(S.D.N.Y.1988). As to those portions of a report to which no
"specific, written objection" is made, the Court may accept
the findings contained therein, as long as the factual and legal
bases supporting the findings are not clearly erroneous. *See*
Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106
S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings
Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997).

Rule 41(b) authorizes a district court to "dismiss a complaint
for failure to comply with a court order, treating the
noncompliance as a failure to prosecute." *Simmons v.
Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995) (citing *Link v. Wabash
R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734
(1962)); *see Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996)

("[D]ismissal [pursuant to Rule 41(b) ] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon,* 360 F.3d 73, 79 (2d Cir.2004) ("Rule [41(b) ] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.,* 133 F.2d 187, 188 (2d Cir.1943) (citing *Blake v. De Vilbiss Co.,* 118 F.2d 346 (6th Cir.1941)); *Refior v. Lansing Drop Forge Co.,* 124 F.2d 440, 444 (6th Cir.1942) ("The cited rule [41(b) ] enunciates a well settled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority ... to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se,* fails to comply with legitimate court directives...." *Yulle v. Barkley,* No. 9:05–CV–0802, 2007 WL2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 63 (2d Cir.2000); *see, e.g., Lucas,* 84 F.3d at 535; *Jackson v. City of New York,* 22 F.3d 71, 74–76 (2d Cir.1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.,* 16 F.3d 482, 485 (2d Cir.1994); *see Peart,* 992 F.2d at 461 (" '[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge ..., [and] the judge's undoubtedly wide latitude is conditioned by certain minimal

requirements.' " (quoting *Merker v. Rice,* 649 F.2d 171, 173–74 (2d Cir.1981))).

**\*3** Under the circumstances, the above-referenced factors favor dismissal of the instant case. Despite repeated attempts, defendant's counsel has been unable to contact plaintiff since he was released from prison in February 2010. Since that time, plaintiff has not communicated with the Court at all. Additionally, Judge Boyle's Report & Recommendation put plaintiff on notice that the action would be dismissed if he failed to file any objections to the report. Moreover, as noted by Judge Boyle, defendant's counsel reports that he served *pro se* plaintiff at the address provided by his parole officer– 46 West Broadway, Port Jefferson Station, New York 11776 —and that the mailing was not returned as undeliverable. [1] Nonetheless, *pro se* plaintiff has failed to appear or otherwise communicate with the Court following his release from prison on February 26, 2010. In short, as currently situated, there is no way that this action can proceed because plaintiff has not participated in the preparation of a joint pre-trial order with defendant and because plaintiff has failed to appear and his whereabouts are unknown. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity.

[1]    In considering these factors, courts have routinely found that "it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez,* No. 03 Civ. 2997(KMW)(DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g., Parris v. Local 32B–32J,* No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n. 1 (S.D.N.Y. June 12, 1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not

2010 WL 2985864

be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R & R for clear error, the Court adopts the findings and recommendations contained in the R & R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2985864

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 589048
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Akasha Tania BARKER, Plaintiff,
v.
The CITY OF NEW YORK, Defendant.

19-cv-2582 (JGK)
|
Signed 02/05/2020

**Attorneys and Law Firms**

Akasha Tania Barker, pro se.

Thomas B. Roberts, Andrew James Rauchberg, The City of New York Law Department, New York, NY, for Defendant.

## MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

\*1  The pro se plaintiff, Akasha Tania Barker, filed this action against the defendant, the City of New York, alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq.; the Fair Housing Act, 42 U.S.C. § 3601 et seq.; and the First and Fourteenth Amendments of the United States Constitution.

On October 11, 2019, the defendant filed a motion to dismiss the plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. Nos. 33-36. The plaintiff had until November 1, 2019 to respond, and defendant had until November 11, 2019, to reply. Dkt. No. 31. On December 17, 2019, the Court extended the time for the plaintiff to respond to the defendant's motion to dismiss to January 17, 2020. Dkt. No. 40. The Court noted that "[f]ailure to respond to the motion by January 17, 2020, may result in the Court granting the motion by default; the case would be dismissed and the plaintiff will have no trial." Id. The plaintiff has not submitted a response to the motion.

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). A district court contemplating dismissal of a plaintiff's

claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) ... the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004); see also Avila v. Comm'r of Soc. Sec., No. 15CV2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016).

The factors counsel dismissing the plaintiff's suit for failure to prosecute. First, nearly four months have elapsed since the filing of the defendant's motion to dismiss. See, e.g., Varney v. Batman, No. 08CV9702, 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012) (holding a pro se plaintiff's failure to respond to order to show cause for three months warranted dismissal without prejudice). Second, the plaintiff was warned that failure to respond to the motion to dismiss would be a basis to dismiss the case. The Court's December 16, 2019 Order gave the plaintiff explicit notice that the failure to respond could result in dismissal for failure to prosecute. See, e.g., Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (dismissing for failure to prosecute where pro se plaintiff repeatedly failed to pay filing fee and had notice that such failure could result in dismissal). Third, any prejudice to the defendant has been minimal. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Fourth, balancing the plaintiff's due process rights against the Court's need for efficiency, the prejudice to the Court has been minimal. See id. (holding that the fourth factor cuts against dismissal when the "plaintiff's failure to prosecute ... was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court.").

**\*2**  "[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." Amoroso v. Cnty. of Suffolk, No. 08CV0826, 2010 WL 2985864, at \*3 (E.D.N.Y. July 21, 2010). The sanction of dismissal without prejudice also complies with the fifth factor. Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." Wingate, 2014 WL 3346319, at \*1 (citing Reeder v. Hogan, 515 Fed. Appx. 44 (2d Cir. 2013) (summary order)); see also Ortega v. Mutt, No. 14CV09703, 2017 WL 1133429, at \*2 (S.D.N.Y. Mar. 24, 2017). In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's pro se status, a dismissal without prejudice is warranted.

## CONCLUSION

The plaintiff's case is **dismissed without prejudice** for failure to prosecute. The Clerk is directed to **close the case.**

**SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 589048

---

**End of Document**                                © 2021 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 3841581
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Josh HICKS, Plaintiff,
v.
Officer STERMER; Officer Davis;
and Superintendent, Willard
Correctional Facility, Defendants.

No. 9:10–CV–01177 (LEK/DEP).
|
Aug. 24, 2011.

### DECISION and ORDER

LAWRENCE E. KAHN, District Judge.

**\*1** This matter comes before the Court following a Report–Recommendation filed on July 26, 2011, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report–Rec. (Dkt. No. 25).

Within fourteen days after a party has been served with a copy of a Magistrate Judge's Report–Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1(c). No objections have been raised in the allotted time with respect to Magistrate Judge Peebles' Report–Recommendation.

The Report–Recommendation advises the Court to deny Defendants' Motion for summary judgment (Dkt. No. 18) on the grounds that material issues of fact remain as to whether special circumstances warrant excusing Petitioner's failure to comply with the Prison Litigation Reform Act ("PLRA")'s requirement that he exhaust all administrative remedies before bringing this action. Report–Rec. at 12–19. However, Judge Peebles has also recommended dismissal of Plaintiff's Complaint based on a failure to prosecute this case and a failure to update his address with the Court since his release from prison five months ago, on March 17, 2011. *Id.* at 23–27. The Court adopts both findings, having examined the record and determined that the Report–Recommendation is not subject to attack for plain error or manifest injustice.

Furthermore, the Court finds that dismissal without prejudice is warranted here. Rule 41(b) grants a district court discretion to dismiss a case without prejudice where a plaintiff has failed to prosecute the action. *See* FED. R. CIV. P. 41(b). In light of Judge Peebles' finding that summary judgment was unwarranted on Plaintiff's § 1983 claims, dismissal without prejudice will afford Plaintiff the opportunity to refile them, given that the statute of limitations has not yet expired. *See* N.Y.C.P.L.R. 214(5) (MCKINNEY 2011) (establishing three-year statute of limitations for personal injury actions); *Wilson v. Garcia,* 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (federal courts must apply state statutes of limitations for personal injury actions in computing statute of limitations for § 1983 claim); Compl. (alleging unlawful arrest occurred on October 20, 2009). As a less drastic sanction than dismissal with prejudice, the Court finds that dismissal without prejudice "is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. County of Suffolk,* No. 08–CV–826, 2010 WL 2985864, at \*3 (E.D.N.Y. July 21, 2010); *see also Bloomfield v. Wurtzberger,* Report–Recommendation, No. 9:09–CV–619, 2011 WL 281026, at \*4 (N.D.N.Y. January 3, 2011), *adopted,* No. 9:08–CV–619, 2011 WL 283280 (N.D.N.Y. Jan.26, 2011) (dismissing without prejudice under Rule 41(b) "[i]n light of Plaintiff's *pro se* status").

**\*2** Accordingly, it is hereby:

**ORDERED,** that the Report–Recommendation (Dkt. No. 25) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED,** that Defendants' Motion for summary judgment (Dkt. No. 18) is **GRANTED** in part and **DENIED** in part, consistent with the findings in the Report–Recommendation and with this Decision and Order; and it is further

**ORDERED,** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice;** and it is further

**ORDERED,** that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 3841581

---

**End of Document**                                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.